AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☑ INFORMATION  ☐ INDICTMENT  ☐ SUPERSEDING

---- OFFENSE CHARGED ----

Count 1: 18 U.S.C. § 1952(a)(3) - Interstate Travel in Aid of Rackateering

Forefeiture Allegation: 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c)

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
5 years imprisonment, $250,000 fine, 3 years supervised release, $100 special assessment, deportation, forfeiture

E-filing

---- PROCEEDING ----

Name of Complaintant Agency, or Person (&Title, if any)

Bureau of Immigration and Customs Enforcement

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

} SHOW DOCKET NO.

} MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM

JOSEPH P. RUSSONIELLO
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)  PETER B. AXELROD

---

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

---- DEFENDANT - U.S. ----

▶ YONG SUN AUSTIN, a/k/a Tammy

DISTRICT COURT NUMBER

CR 08   0056 MHP

---- DEFENDANT ----

IS NOT IN CUSTODY

1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY

4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges  } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution _____

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed _____

DATE OF ARREST ▶  Month/Day/Year _____

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶ Month/Day/Year _____
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

---- ADDITIONAL INFORMATION OR COMMENTS ----

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____
Before Judge: _____

Comments:

1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2
3
4
5
6                            **E-filing**
7
8               UNITED STATES DISTRICT COURT
9               NORTHERN DISTRICT OF CALIFORNIA
10                  SAN FRANCISCO DIVISION
11  UNITED STATES OF AMERICA,      )  CR No. 08    0056
                                   )
12          Plaintiff,              )  VIOLATION: 18 U.S.C. § 1952(a)(3) –
                                   )  Interstate Travel in Aid of Racketeering
13     v.                           )
                                   )
14  YONG SUN AUSTIN,                )  SAN FRANCISCO VENUE
        a/k/a Tammy,                )
15                                 )
        Defendant.                  )
16  _____)

17                        **INFORMATION**

18  The United States Attorney charges:

19  COUNT ONE: (18 U.S.C. § 1952(a)(3) – Interstate Travel in Aid of Racketeering)

20     1. On or about March 23, 2005, in the Northern District of California, the defendant

21                          YONG SUN AUSTIN,
                               a/k/a Tammy,
22
    did knowingly use a facility in interstate commerce, with the intent to promote, carry on, and
23
    facilitate the promotion and carrying on of an unlawful activity, as defined in Title 18, United
24
    States Code, Section 1952(b), and thereafter, performed and attempted to perform this same
25
    unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3).
26
    FORFEITURE ALLEGATION: (18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c))
27
       2. The allegations contained in Count One of this Information are realleged as though fully
28
    set forth herein.

    INFORMATION



3. As a result of the offense alleged in Count One, above, the defendant

YONG SUN AUSTIN,<br>a/k/a Tammy,

shall forfeit to the United States all property constituting, or derived from, said offense.

4. If, as a result of any act or omission of the defendants, any of said property

    a. cannot be located upon the exercise of due diligence,

    b. has been transferred or sold to, or deposited with, a third person,

    c. has been placed beyond the jurisdiction of the Court,

    d. has been substantially diminished in value, or

    e. has been commingled with other property that cannot be divided without difficulty,

the defendant shall forfeit any and all interest that the defendant has in any other property, not to exceed the value of the property subject to forfeiture under this provision.

DATED: 1-7-18

JOSEPH P. RUSSONIELLO
United States Attorney

BRIAN J. STRETCH
Chief, Criminal Division

(Approved as to form.)
AUSA Axelrod
AUSA Beeler

INFORMATION

2