JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

PETER B. AXELROD (CSBN 190843)
LAUREL BEELER (CSBN 187656)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6774
    Facsimile: (415) 436-7234
    E-Mail: Peter.Axelrod@usdoj.gov
            Laurel.Beeler@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 08-0056 CRB |
|     Plaintiff, ) | |
|     v. ) | STIPULATION RE: ORDER OF FORFEITURE AND ENTRY OF FORFEITURE JUDGMENT; ORDER |
| YONG SUN AUSTIN, ) <br>    a/k/a Tammy, ) | |
|     Defendant. ) | |

    The United States of America, by and through Assistant United States Attorneys Peter B. Axelrod and Laurel Beeler, and defendant Yong Sun Austin, by and through her counsel Geoffrey Rotwein, hereby stipulate and agree to the following:

    1. On February 6, 2008, the United States filed an information charging defendant Austin with a violation of Title 18, United States Code, Section 1952(a)(3) – Interstate Travel in Aid of Racketeering. The information also sought criminal forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

    2. On February 12, 2008, defendant Austin pled guilty to the single count of the information charging her with interstate travel in aid of racketeering, in violation of Title 18,

United States Code, Section 1952(a)(3).

3. As set forth in Paragraph 8 of the plea agreement, defendant Austin agreed to forfeit to the United States $25,000, the amount of proceeds defendant Austin earned from interstate travel in aid of racketeering, in violation of Title 18, United States Code, Section 1952(a)(3).

4. Defendant Austin agrees to disclaim, waive and forfeit any interest in the funds recovered from 428 O'Farrell Street, San Francisco, California (Empire Health Club or Empire), and she consents to entry of any orders to that effect.

5. Accordingly, as a result of the conviction of the offense set forth above, and pursuant to Rule 32.2(b) of the Federal Rule of Criminal Procedures; Title 18, United States Code, Section 981(a)(1)(C); and Title 28, United States Code, Section 2461(c), the parties stipulate that the Court should enter a money judgment against defendant Austin in the amount of $25,000, which represents the amount of money she earned from interstate travel in aid of racketeering.

6. The parties stipulate that defendant Austin will satisfy the money judgment of $25,000, by paying the United States $25,000 in U.S. currency prior to being sentenced and, in any event, no later than February 12, 2008. In the event defendant Austin fails to comply with any of the terms of this payment schedule, the United States reserves the right to forfeit defendant Austin's interest in any asset(s) she has and to sell those assets in order to satisfy the entire money judgment.

7. Defendant Austin agrees that the terms of this stipulation and order shall be part of her conditions of probation.

8. All payments made in satisfaction of this money judgment shall be made payable to the Department of Treasury and delivered to the attention of Peter B. Axelrod, Assistant United States Attorney, United States Attorneys Office, 450 Golden Gate Avenue, San Francisco, California 94102, in accordance with the schedule set forth in paragraph 6.

9. Pursuant to Rule 32.2(b)(3), this Order of Forfeiture is final as to the defendant and shall be made part of the sentence and included in the judgment.

## ORDER

Based on the above stipulation and good cause appearing therefore, IT IS HEREBY ORDERED THAT:

1. Pursuant to Federal Rule of Criminal Procedure 32.2(b); Title 18, United States Code, Section 981(a)(1)(C); and Title 28, United States Code, Section 2461(c), defendant Austin is hereby ordered to pay a forfeiture money judgment in the amount of $25,000.

2. Defendant Austin disclaims, waives and forfeits any interest in any funds recovered from 428 O'Farrell Street, San Francisco, California (Empire Health Club or Empire), and she consents to entry of any orders to that effect.

3. Defendant Austin shall satisfy the money judgement of $25,000 by paying the United States $25,000 in U.S. currency prior to being sentenced and, in any event, no later than February 12, 2008. In the event defendant Austin fails to comply with any of the terms of this payment schedule, the United States reserves the right to forfeit defendant Austin's interest in any asset(s) she has and to sell those assets in order to satisfy the entire money judgment.

4. All payments made in satisfaction of this money judgment shall be made payable to the Department of Treasury and delivered to the attention of Peter B. Axelrod, Assistant United States Attorney, United States Attorneys Office, 450 Golden Gate Avenue, San Francisco, California 94102, in accordance with the schedule set forth in paragraph 3 of this Order.

5. The terms of this stipulation and order shall be imposed as part of defendant Austin's conditions of probation.

6. Pursuant to Rule 32.2(b)(3), this Order of Forfeiture is final as to the defendant and shall be made part of the sentence and included in the judgment.

7. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Federal Rules of Criminal Procedure, Section 32.2(e).

IT IS SO ORDERED.

Dated: Feb. 12, 2008

_____
CHARLES R. BREYER
United States District Judge

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Federal Rules of Criminal Procedure, Section 32.2(e).

Dated: 2/12/08

PETER B. AXELROD
LAUREL BEELER
Assistant United States Attorneys

Dated: 2/12/08

GEOFFREY ROTWEIN
Attorney for Defendant

I confirm that I read this entire stipulation and order with the assistance of an interpreter and in the presence of my attorney.

Dated: 2/12/08

YONG SUN AUSTIN
Defendant

### INTERPRETER CERTIFICATION

I, Ted Kim, hereby certify that I am a certified Korean [language] interpreter and that I accurately translated this stipulation and order to the defendant, he told me that he understood it, and I believe his answer was true and correct.

Dated: 2-12-08

Interpreter's signature